IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Denise Hamilton, ) | |
| ) | C.A. No. 8:22-00733-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Schlumberger Technology Corporation ) | |
| Pension Plan, Northern Trust Company, ) | |
| ITRON, and Schlumberger Corporation, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendant Schlumberger Technology Corporation Pension Plan's ("the Plan") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Defendant Schlumberger Technology Corporation's[1] ("STC") motion to dismiss pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the court grants in part and denies in part the Plan's motion to dismiss, and grants STC's motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

According to the complaint, Plaintiff Denise Hamilton ("Hamilton") is the surviving spouse of Arthur Phil Hamilton, a former participant and beneficiary of an STC-sponsored

---

[1] STC contends that Schlumberger Corporation is improperly identified in the complaint and that it is properly identified as Schlumberger Technology Corporation.  (Mot. Dismiss 1, ECF No. 15.)

defined benefit plan ("Plan") governed by ERISA.[2]  (Not. Removal Ex. A (Compl. ¶ 1), ECF No. 1-1.)  Hamilton avers that she is entitled to survivor benefits under the Plan as of the date of her husband's death on November 21, 2018.  (Id. Ex. A (Compl. ¶¶ 6, 19), ECF No. 1-1.)  Hamilton contacted the Plan regarding the status of her survivor benefits in January 2019.  (Id. Ex. A (Compl. ¶ 6 ), ECF No. 1-1.)  Thereafter, Hamilton was informed that her husband had signed a form relinquishing her entitlement to benefits as a surviving spouse.  (Id. Ex. A (Compl. ¶¶ 7, 9), ECF No. 1-1.)  Hamilton alleges that she does not recall signing the waiver form.  (Not. Removal Ex. A (Compl. ¶ 16), ECF No. 1-1.)  The instant action followed.[3]

Hamilton originally filed this action on November 16, 2021, in the South Carolina Court of Common Pleas for Oconee County, South Carolina.  (Id. Ex. A (Compl.), ECF No. 1-1.)  The action was removed to this court on March 7, 2022.  (Not. Removal, ECF No. 1.)  On March 14, 2022, the Plan filed a motion to dismiss, alleging that the complaint should be dismissed because Hamilton failed to properly allege a claim under ERISA and that the claim was barred by the limitations period contained in the Plan.  (Mot. Dismiss, ECF No. 11.)  On March 29, 2022, STC filed a separate motion to dismiss, joining the Plan's arguments and also alleging that Hamilton failed to properly serve it under Rule 4 of the Federal Rules of Civil Procedure.  (Mot. Dismiss, ECF No. 15.)  On April 18, 2022, Hamilton filed a response to the Plan's motion to dismiss.  (Resp. Opp'n, ECF No. 25.)  On April 25, 2022, the Plan replied.  (Reply, ECF No. 29.)  Hamilton did not respond to STC's motion.  Accordingly, the court reviews STC's motion

---

[2] Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*.

[3] Hamilton does not allege whether she appealed this initial denial.

on the record pursuant to Local Civil Rule 7.06 for the District of South Carolina. This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Rule 12(b)(6) Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Under limited circumstances, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits, [a]nd . . . document[s] submitted by the movant that [are] not attached to or expressly incorporated in a complaint, so long as the document[s] [are] integral to the complaint and there is no dispute about the[ir] [] authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

Further, while the court accepts plausible factual allegations made in the complaint as

true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt's Inc. v. J.D. Assoc's, LP, 213 F. 3d 175, 180 (4th Cir. 2000). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Rules 12(b)(4) and 12(b)(5) Standard

"Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)). "In the absence of [proper] service [of process] . . . a court ordinarily may not exercise [jurisdiction] over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). A plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. Scott v. Md. State Dep't of Labor, 673 Fed. App'x. 299, 304 (4th Cir. 2016) (per curiam) (unpublished) (citing Dickerson v. Napalitano, 604 F.3d 732, 752 (2d Cir. 2010)).

## C. Motions to Dismiss

### 1. Defendant STC's Motion to Dismiss, ECF No. 15

STC argues that Hamilton has improperly named Schlumberger Corporation, an entity that does not exist, as the sponsor of the Plan in this action. (Mot. Dismiss 1, 6, ECF No. 15.) In addition, STC asserts that (1) service of process was insufficient because it failed to comply with Rule 4 of the Federal Rules of Civil Procedure, and (2) process itself was insufficient because it was issued from a state court and served after the case was removed. (Id. 1, 4-6, ECF No. 15.) Finally, STC argues that the complaint should be dismissed because STC, as the sponsor of the Plan, is not a proper defendant. (Id. 6, ECF No. 15.)

### A. Insufficient Process and Insufficient Service of Process

"A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). A summons is required to be issued for each defendant to be served. Fed. R. Civ. P. 4(b). Service of process in a case removed from state court is governed by 28 U.S.C. § 1448, which provides as follows:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

"Section 1448 indicates a philosophy that removed cases are to be handled substantially as though they had never been in a state court. Thus, when one of several defendants was not served prior to removal it has been held that there is no process to complete and new process must be issued pursuant to Rule 4." 4A Wright and Miller, Fed. Prac. and Proc. § 1082 (4th ed. 2022) (internal quotation marks omitted). Moreover, "it is the plaintiff who ordinarily bears the burden of demonstrating that the district court had personal jurisdiction over the parties, including valid service of process." Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005).

Rule 4(h)(1)(A) and (B) provide that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). In addition, service of process upon a corporation may be made in accordance with the laws of the state in which the district court sits or the state where service is being effected. Fed. R. Civ. P. 4(e).

Rule 4(d)(3) of the South Carolina Rules of Civil Procedure provides for service "[u]pon a corporation . . . , by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." S.C. R. Civ. P. 4(d)(3). In addition, Rule 4(d)(8) of the South Carolina Rules of Civil Procedure provides for service by certified mail and states that "[s]ervice of a summons and complaint upon a [corporate] defendant . . . may be made . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee . . . . Service pursuant to this paragraph shall not be the basis for the entry of a default . . . unless the record contains a return

receipt showing the acceptance by the defendant." S.C. R. Civ. P. 4(d)(8). Further, the certified mail must be "addressed to the office of the registered agent, or office of the secretary of the foreign corporation at its principal office shown in its application for a certificate of authority . . . ." S.C. Code Ann. § 15-9-240(b).

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff does not effectively serve process within ninety days of filing a complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

This action was initially filed in the South Carolina Court of Common Pleas for Oconee County on November 16, 2021, and was removed to this court on March 7, 2022. (Not. Removal, ECF No. 1.) On March 8, 2022, Hamilton attempted to serve both STC and/or Schlumberger Corporation through STC's registered agent for service of process in Texas, Capitol Corporate Services, Inc., by certified overnight mail. (Mot. Dismiss Ex. B. (Service of Process Transmittal Not.), ECF No. 15-2.) On March 11, 2022, Hamilton attempted to serve STC and/or Schlumberger Corporation through the South Carolina Secretary of State pursuant to S.C. Code Ann. § 15-9-245.[4] (Id. Ex. C. (Letter of Service), ECF No. 15-3.) In each instance,

---

[4] The letter from the South Carolina Secretary of State is addressed to "Schlumberger Technologies Corporation" and the letter states that it is regarding "Schlumberger Technologies Corporation, 2021-CP-37-00785." (Mot. Dismiss (Letter of Service), ECF No. 15-3.)

7

process was issued from the South Carolina Court of Common Pleas for Oconee County.[5] (Id. 3, ECF No. 15.)

After removal, service with state court process is improper under 28 U.S.C. § 1448. See Carden v. Mal-Mart Stores, Inc., 574 F.2d 582, 587 (S.D.W.V. 2008) ("[S]tate law governing service of process . . . applies before removal, and [] federal law applies after removal."); Kelly v. Enviva, LP, No. 7:13-197-BO, 2013 WL 6628032 at * 2 (E.D.N.C. Dec. 16, 2013) (unpublished) (" 28 U.S.C. § 1446(d) deprives the state court of further jurisdiction over [a] removed case and any post-removal actions taken by the state court in the removed case action are void ab initio. Accordingly, all further process must issue from the Federal Court.") (internal citations and quotations omitted); see also Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967) ("[S]tate court process becomes null and void on the date the action is removed to federal court.").

Hamilton has provided no further evidence of any efforts that have been made to serve STC. By failing to respond to this motion, along with failing to submit any proof of service, Hamilton has failed to meet her burden to show that service was proper. Accordingly, the court grants STC's motion to dismiss for failure to comply with 28 U.S.C. § 1448 and Rule 4 of the Federal Rules of Civil Procedure.

### B. Proper Defendant in Action to Recover Benefits

Irrespective of improper service, Hamilton's claims must be dismissed because STC is not a proper party in this action. Generally, ERISA claims for benefits under Section

---

[5] In addition, Hamilton has failed to provide any proof of service as required by S.C. Code Ann. § 15-9-245(c) and Rule 4(l) of the Federal Rules of Civil Procedure.

8

502(a)(1)(B) must be asserted against the Plan itself. 29 U.S.C. § 1132(d)(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."); see also Gluth v. Wal-Mart Stores, Inc., No. 96-1307, 1997 WL 368625 at *6 n.8 (4th Cir. July 3, 1997) (per curiam) (unpublished). Based on the foregoing, STC's motion to dismiss is granted.

### 2. The Plan's Motion to Dismiss, ECF No. 11

The Plan attached a copy of the Plan as an exhibit to its motion to dismiss. (Mot. Dismiss Ex. A (Plan), ECF Nos. 11-1.) Hamilton makes reference to the Plan in her complaint and does not dispute its authenticity or validity. (Not. Rem. Ex. A. (Compl. ¶ 2), ECF No. 1-1); (Resp. Opp'n 3, ECF No. 25) ("The Defendant's memorandum admits to the terms of the plan . . . ."). Accordingly, the court will consider the Plan because it is integral to the complaint. Goines, 822 F.3d at 166.

### A. State Law Claims Preempted

The Plan asserts, correctly, that any potential state law claims in this action are preempted by ERISA. 29 U.S.C. § 1144(a) ("[T]he provisions of [ERISA] shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan . . . ."). Hamilton has clarified that she is not pursuing any state law claims, and only alleges an ERISA benefits claim pursuant to 29 U.S.C. § 1132(e). (Resp. Opp'n 2, ECF No. 25) ("Plaintiff is not bringing any state law claims . . . ."). Accordingly, this argument is moot.

**B. Failure to State A Claim**

The Plan argues that the complaint should be dismissed because Hamilton "failed to plausibly plead her entitlement to any relief under ERISA." (Mot. Dismiss 6, ECF No. 11.) In particular, the Plan asserts that Hamilton failed to specifically identify which provision of ERISA applies to her claim. (Id. 7-8, ECF No. 11.) 29 U.S.C. § 1132(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." While Hamilton does not specifically cite to 29 U.S.C. § 1132(a)(1)(B), she cites to ERISA generally several times throughout the complaint.

It is well established that motions to dismiss are to be construed in the plaintiff's favor and "failure specifically to identify the provision permitting recovery is not fatal." De Sole v. United States, 947 F.2d 11659, 1177 (4th Cir. 1991). Hamilton sufficiently alleges in her complaint that she is the surviving spouse of a beneficiary of a pension plan governed by ERISA, that the deceased was drawing benefits before his death, and that she is entitled to continue collecting survivor benefits under the terms of the Plan. (Not. Removal Ex. A (Compl. ¶¶ 1, 4-6), ECF No. 1-1.)

In addition, the Plan alleges that Hamilton has the burden of proving entitlement to benefits and that she has failed to cite to any ERISA or Plan provision to support her claim "that a copy of the executed waiver must 'be produced and furnished . . . .'" (Mot. Dismiss 7, ECF No. 11.) However, the language of the Plan, as well as regulations governing ERISA, provide that claimants must be provided reasonable access to relevant documents, records, and

10

information.  (Id. Ex. A. 57, ECF No. 11-1) ("Upon request, and free of charge, the Claimant shall be provided reasonable access to, and copies of, all documents, records and other information relevant to his claim for benefits."); accord 29 C.F.R. § 2560.503-1(j)(3).  The Plan provides that the spouse of a participant is entitled to a qualified joint and survivor annuity unless both the spouse and the participant have signed a consent form waiving any entitlement. (Mot. Dismiss Ex. A. 81, ECF No. 11-1.)  Hamilton alleges that she does not recall signing the waiver form.  (Not. Removal Ex. A (Compl. ¶ 16), ECF No. 1-1.)

Based on the foregoing, Hamilton's complaint sufficiently alleges a cause of action for ERISA benefits under § 1132(a)(1)(B).

### C. Statute of Limitations

Further, the Plan contends that Hamilton's claim for benefits is barred by the two-year limitations period contained in the Plan.  (Mot. Dismiss 8, ECF No. 11); (Mot. Dismiss Ex. A 58, ECF No. 11-1) ("A Participant or Beneficiary must bring any legal or equitable action to contest a final decision . . . within two years of the date that the Administrator sends . . . notification of such final claims determination . . . .").  "A court may dismiss on the grounds of a statute of limitations defense if the necessary facts 'clearly appear on the face of the complaint.'" Stewart v. Univ. of N.C. Sys., 673 F. App'x 269, 271 (4th Cir. Dec. 12, 2016) (unpublished) (per curiam) (quoting Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local, 728 F.3d 354, 360 (4th Cir. 2013)).

The Plan submitted a denial letter, dated January 8, 2019, as an exhibit to its motion to dismiss, and contends that receipt of this letter triggered the two-year limitations period.  (Id. Ex. B (Denial Letter), ECF No. 11-2.).  Hamilton asserts that "she did **not** receive a copy of the

11

January 8, 2019 letter finding her entitlement to benefits to be denied." (Resp. Opp'n 5, ECF No. 25) (emphasis in original); (Not. Removal Ex. A (Compl. ¶ 11), ECF No. 1-1) ("Plaintiff never received anything in writing from the Plan telling her of the Plan's determination in this matter." ).

Hamilton alleges in her complaint that she "contacted the . . . Plan in January 2019 as to the status of the retirement benefits to which she believed she was entitled as a surviving spouse," and "was told that her late husband had signed a form relinquishing her entitlement to benefits as a surviving spouse." (Id. Ex. A (Compl. ¶¶ 6-7), ECF No. 1-1.) Hamilton contends that "there is no legally cognizable proof of the receipt of the determination letter by the claimant . . . Thus, the accrual event that starts the statute running has not occurred . . . ." (Resp. Opp'n 6, ECF No. 25.)

The January 8, 2019 denial letter stated as follows:

> As the surviving spouse of a Schlumberger Retiree, you may continue coverage in the Retiree Medical Insurance plan. Enclosed is a "Schlumberger Retiree Medical Insurance Authorization" form for you to complete. If you elect to continue in plan, the retiree medical premiums will be billed to you.

(Mot. Dismiss Ex. B (Denial Letter), ECF No. 11-2.) In the Plan's reply, it attached an exhibit purporting to show that Hamilton, in fact, received notice of the denial letter because she signed and returned an Insurance Authorization form on January 18, 2019, opting to discontinue her health insurance under the Schlumberger Retiree Medical Plan. (Reply Ex. C (Ins. Authorization Form), ECF No. 29-1.) However, whether or not the purported denial letter was received by Hamilton is disputed and not appropriate for resolution on a motion to dismiss. Nevertheless, irrespective of whether Hamilton received the denial letter, Hamilton argues that

the two-year limitations period contained in the Plan is unenforceable because the purported denial letter fails to substantially comply with ERISA regulations. (Resp. Opp'n 6-8, ECF No. 25.)

"There is no specific federal statute of limitations governing claims for benefits under an ERISA plan." Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program, 222 F.3d 643, 646 (9th Cir. 2000) (citation omitted). "The period in which an ERISA claim must be filed hinges on the applicable state statute of limitations and any contractual limitations period." Fontenot v. Intel Corp. Long Term Disability Plan, No. 3:14-CV-00153-AA, 2014 WL 2871371, at *5 (D. Or. June 24, 2014) (unpublished). "[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 107 (2013) (internal citations and quotation marks omitted). ERISA requires that

> every employee benefit plan shall–
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Further, ERISA regulations setting forth specific requirements applicable to denial letters are set forth at 29 C.F.R. § 2560.503-1(g)(1) and (j). Section 2560.503-1(g)(1)(iv) requires that plan administrators "provide a claimant with . . . notification of any adverse benefit

determination," which includes "[a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action . . . following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1(j) sets forth requirements for denial letters and provides as follows:

> (j) Manner and content of notification of benefit determination on review. The plan administrator shall provide a claimant with written or electronic notification of a plan's benefit determination on review. Any electronic notification shall comply with the standards imposed by 29 CFR 2520.104b-1(c)(1)(i), (iii), and (iv) . . . . In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant --
>
> (1) The specific reason or reasons for the adverse determination;
>
> (2) Reference to the specific plan provisions on which the benefit determination is based;
>
> (3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section;
>
> (4)(i) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of this section, and a statement of the claimant's right to bring an action under section 502(a) of the Act . . . .

Hamilton contends that the purported denial letter fails to provide "a statement of the claimant's right to bring an action under § 502(a) of the Act," the contractual time limitation, and a notice of her right to obtain certain information in violation of § 2560.503-1(g)(1)(iv), (j)(3), and (j)(4)(i). (Resp. Opp'n 6-9, ECF No. 25.) The denial letter plainly fails to provide this information. (Mot. Dismiss Ex. B (Denial Letter), ECF No. 11-2.) Thus, the issue is

whether the Plan's failure to provide this information bars enforcement of the two-year contractual time limitation.

The purpose of ERISA's notice requirement is "to provide claimants with enough information to prepare adequately for further administrative review or an appeal to the federal courts." Juliano v. Health Maint. Org. of NJ, Inc., 221 F.3d 279, 287 (2d Cir. 2000) (internal quotation marks omitted).

Research revealed no Fourth Circuit case law addressing whether failure to comply with 29 C.F.R. § 2560.503-1(g)(1)(iv) and (j)(4)(i) bars enforcement of a contractual time limitation in an ERISA plan. However, other circuits have considered this issue. In Santana-Diaz v. Metropolitan Life Insurance Co., 816 F.3d 172 (1st Cir. 2016), the First Circuit considered whether § 2560.503-1(g)(1)(iv) applied to final denial letters and concluded that

> a denial of benefits letter must include notice of the plan-imposed time limit for filing a civil action. To repeat, the regulation states that the letter must contain a "description of the plan's review procedures and the time limits applicable to such procedures, *including* a statement of the claimant's right to bring a civil action."

Id. at 180 (concluding that defendant's "failure to include the time limit in the final denial letter rendered, as a matter of law, the contractual three-year limitations period altogether inapplicable") (emphasis in original). Further, in Mirza v. Insurance Administrator of America, Inc., 800 F.3d 129 (3d Cir. 2015), the Third Circuit concluded that "29 C.F.R. § 2560.503-1(g)(1)(iv) requires that adverse benefit determinations set forth any plan-imposed time limit for seeking judicial review. Without this time limit, a notification is not in substantial compliance with ERISA." Id. at 136; see also, Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 107 (2d Cir. 2003) ("A notice that fails to substantially comply with these requirements does not trigger a time bar contained within the plan."). Likewise, in Moyer v. Metropolitan Life Insurance Co.,

762 F.3d 503 (6th Cir. 2014), the Sixth Circuit held that denial letters must include the time limit for judicial review because § 2560.503-1(g)(1)(iv) requires that "[t]he claimant's right to bring a civil action is expressly included as a part of those procedures for which applicable time limits must be provided." Id. at 505.

Further, although § 2560.503-1(j)(4) does not specifically require that claimants be informed of a contractual time limitation, reading subsection (j)(4)(i) in conjunction with subsection (g)(1)(iv) requires that plan administrators disclose the voluntary internal appeal procedures and the contractual limitations period in final denial letters.  Moreover, this reading is logical because filing an internal appeal and/or a civil action are the only remaining options for a claimant seeking to challenge a denial of coverage following the issuance of a final denial letter.

In the case at bar, the purported denial letter the Plan alleges was sent to Hamilton did not advise Hamilton of her rights under § 502(a), and specifically did not inform her of the contractual two-year time limitation, which is plainly required by § 2560.503-1(g)(1)(iv) and (j)(4).  In addition, the purported denial letter failed to provide notice to Hamilton regarding her right to obtain records.  § 2560.503-1(j)(3) and (j)(5).  Accordingly, irrespective of whether Hamilton actually received the purported denial letter, the contractual two-year limitation set forth in the Plan is unenforceable because the denial letter failed to substantially comply with 29 C.F.R. § 2560.503-1(g)(1)(iv) and (j)(4)(i).  Based on the foregoing, the Plan's motion to dismiss based on the two year limitations period set forth in the Plan is denied.

### D. Punitive Damages and Right to Jury Trial under ERISA

While ERISA neither expressly nor implicitly addresses whether it provides a right to a jury trial, the Fourth Circuit has held that there is no right to a jury trial in ERISA actions.

Phelps v. C.T. Enters., Inc., 394 F.3d 213, 222 (4th Cir. 2005) (citing Berry v. Ciba-Geigy, 761 F.2d 1003 (4th Cir. 1985)  In addition, "extracontractual damages," such as punitive damages, are not recoverable under ERISA.  Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985).  Accordingly, Hamilton's jury trial demand and request for punitive damages are dismissed.

### III. Conclusion

Based on the foregoing, it is

**ORDERED** that the Plan's motion to dismiss, docket number 11, is granted in part and denied in part.  It is further

**ORDERED** that STC's motion to dismiss, docket number 15, is granted.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
May 16, 2022